# IN THE UNITED STATES DISTRICT COURT
# FOR TH MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT WINSTEAD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | )   CASE NO. 3:06 CV 529 VPM |
| | ) |
| DONALDSON COMPANY, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## ANSWER

Comes now the Defendant, Donaldson Company, Inc., and in answer to the Plaintiff's Complaint, states as follows:

1.      The Defendant has insufficient knowledge to admit or deny this allegation.

2.      It is admitted that Donaldson Company, Inc., is a foreign corporation with its principle place of business outside the State of Alabama. Furthermore, it is admitted that this Defendant was doing business in Lee County on the relevant occasions.

3.      The Defendant has insufficient knowledge to admit or deny the place of citizenship of the Plaintiff. The Defendant admits that it is a foreign corporation

doing business in the State of Alabama and that the amount in controversy exceeds $75,000.00.

4. No responsive pleadings is required.

5. The Defendant denies that it owned the warehouse but admits that it was using it for storage and shipment purposes.

6. The Defendant admits that Jason Helms, an employee of this Defendant, was involved in an accident with the Plaintiff while operating a forklift; however, this Defendant denies that Mr. Helms was guilty of negligence or wantonness and demands strict proof thereof.

7. The Defendant admits that Jason Helms, an employee of this Defendant, was involved in an accident with the Plaintiff while operating a forklift; however, this Defendant denies that Mr. Helms was guilty of negligence or wantonness and demands strict proof thereof.

8. Denied.

9. The Defendant asserts that punitive damages are not proper or appropriate and demands strict proof of all such allegations.

10. No responsive pleading is required.

11. Denied.

12. Denied.

13. The Defendant asserts that punitive damages are not proper or appropriate and demands strict proof of all such allegations.

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant contests liability and damages.

### THIRD DEFENSE

The Defendant pleads the general issue.

### FOURTH DEFENSE

The Defendant contests capacity and standing of the Plaintiff to recover for amounts paid through worker's compensation or similar payments.

### FIFTH DEFENSE

The Defendant pleads the statute of limitations to the extent applicable.

### SIXTH DEFENSE

The Defendant pleads the suit filed by Plaintiff's employer and on Plaintiff's behalf as a bar to the extent allowed by law and also pleads abatement.

### SEVENTH DEFENSE

The Defendant pleads contributory negligence as a defense and bar to this

action.

## EIGHTH DEFENSE

The Defendant pleads assumption of risk as a defense and bar to this action.

## NINTH DEFENSE

The Defendant contests damages and demands strict proof thereof.

## TENTH DEFENSE

The Plaintiff's claim for punitive damages fails to state a claim.

## ELEVENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's rights to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages.  Additionally, the Plaintiff's claim for

punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages.  Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### TWELFTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### THIRTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth

Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FOURTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's rights to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FIFTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by _State Farm Automobile Ins. Co. v. Campbell_, 123 S. Ct. 1513 (April 7, 2003).

### SIXTEENTH DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate

amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## **EIGHTEENTH DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

**NINETEENTH DEFENSE**

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the specific coverage that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

**TWENTIETH DEFENSE**

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due

process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

## TWENTY FIRST DEFENSE

The Defendant reserves the right to amend this Answer following investigation and discovery.

s/ M. Keith Gann
Attorney for Defendant
HUIE, FERNAMBUCQ & STEWART, LLP
Protective Center Building 3, Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223
Telephone:  (205) 251-1193
Facsimile:   (205) 251-1256
mkg@hfsllp.com
dm@hfsllp.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the above and foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erby J. Fischer, Esq.
Justin L. Smith, Esq.
CROSS, POOLE, GOLDASICH & FISCHER, LLC
Morgan Keegan Center
2900 Highway 280
Suite 200
Birmingham, Alabama 35223

on this **7th** day of **July, 2006.**

                                                s/ M. Keith Gann
                                                Of Counsel